UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FANORD ZETRENNE,

Petitioner,

v. Case No. 3:26-cv-2936-MMH-SJH

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner Fanord Zetrenne, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on October 26, 2026. See generally Petition. The Federal Respondents appear to contend that Zetrenne, a citizen of Haiti, was temporarily detained at the border on May 5, 2022, and subsequently paroled into the United States.[1] See Notice to Appear (Doc. 5-2) at 1; see also Response to Petition for Writ of Habeas Corpus (Doc. 5) at 2, 5–6, 8. On September 25, 2026, United States Immigration and Customs Enforcement (ICE) re-detained

---

[1] As far as the Court can discern, none of the documents attached to the Response reflect that Zetrenne was granted parole. See generally Doc. 5-2; Doc. 5-3; Doc. 5-4. But regardless of his parole status, Zetrenne would be entitled to a bond hearing.

him. Petition at 5. As relief, Zetrenne seeks, inter alia, immediate release or, alternatively, a bond hearing. Id. at 8.

Zetrenne argues that his continued detention without a bond hearing violates the Immigration and Nationality Act. Id. at 7. The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Zetrenne, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Zetrenne was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Zetrenne's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2]

[2] Because the Court finds that Zetrenne is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not

Within **seven days** of this Order, Respondents shall either afford Zetrenne an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him.[3] If Respondents release Zetrenne, they shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Respondent Warden, North Florida Detention Facility's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 7) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

[3] Zetrenne is not entitled to immediate release. See, e.g., Valiente Perez v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2417-KCD-NPM, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release"(quoting Lopez-Arevelo v. Ripa, 801 F. Supp. 3d 668 (W.D. Tex. 2025))).

lc36

c:
Counsel of Record
Fanord Zetrenne